**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE**

| | |
|---|---|
| LESLIE L. CAMICK,<br><br>        Plaintiff,<br><br>   v.<br><br>HARRY R. HOLLADAY, ESQ.;<br>EVELYN A. WATTLEY; and<br>KAITRAXX LLC,<br><br>        Defendants. | Civil No. 16-9013 (RMB/AMD)<br><br>**OPINION** |

**BUMB**, United States District Judge:

This matter comes before the Court upon the filing of an application to proceed in forma pauperis ("IFP"), [Dkt. No. 5], by Plaintiff Leslie L. Camick (the "Plaintiff"). Plaintiff's application to proceed IFP will be granted based on the information provided therein, and the Clerk of the Court will be ordered to file the Complaint. Because Plaintiff is proceeding IFP, the Court must now screen his Complaint pursuant to 28 U.S.C. § 1915(e)(2).

I.    **Background**

On December 6, 2016, Plaintiff filed a Complaint against Defendants Harry Holladay ("Holladay"), Evelyn Wattley ("Wattley"), and Kaitraxx, Inc. ("Kaitraxx" and collectively,

the "Defendants"), alleging that they violated 28 U.S.C. § 1985(3) ("Section 1985") by conspiring to cause Plaintiff to be wrongfully arrested on multiple occasions between 2011 and 2013. Specifically, Plaintiff alleges that Defendant Wattley made a false police report and a series of false statements to police indicating that Plaintiff had stolen her car, which ultimately resulted in Plaintiff's arrest. With regard to Defendant Holladay, Plaintiff seems to allege that he conspired to violate Plaintiff's rights by providing Wattley with legal advice regarding "her actions." (See Compl. at ¶ 81-89). Defendant Kaitraxx appears to be an LLC of which Wattley is the sole member and CEO. [Dkt. No. 1-4]. There are no allegations in the Complaint regarding any wrongdoing by Kaitraxx.

**II. Legal Standard**

Pursuant to 28 U.S.C. § 1915(e)(2), the Court must preliminarily screen IFP filings, and must dismiss any filing that is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2)(B).

To survive a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"

2

Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). In reviewing a plaintiff's allegations, a district court "must accept as true all well-pled factual allegations as well as all reasonable inferences that can be drawn from them, and construe those allegations in the light most favorable to the plaintiff." Bistrian v. Levi, 696 F.3d 352 n.1 (3d Cir. 2012). Moreover, pro se pleadings must be construed liberally in favor of the plaintiff. Haines v. Kerner, 404 U.S. 519, 520-21 (1972). Where, however, "the complaint facially shows noncompliance with" a statute of limitations, it may be dismissed for failure to state a claim. Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1385 (3d Cir. 1994).

**III. Discussion**

A Section 1985(3) claim accrues when the plaintiff "knew or should have known of the alleged conspiracy." Dique v. New Jersey State Police, 603 F.3d 181, 189 (3d Cir. 2010)(citing Bougher v. Univ. of Pittsburgh, 882 F.2d 74, 80 (3d Cir.1989)). "The statute of limitations, accordingly, runs from the date of each overt act causing damage to the plaintiff." Bougher, 882 F.2d at 80. Courts in the Third Circuit apply state personal injury statutes of limitation to Section 1985(3) claims. See id. at 79. In New Jersey, the limitations period for personal injury is two years. N.J. Stat. Ann. § 2A:14-2. Plaintiff's Complaint

3

arises from actions allegedly taken by Defendants between 2011 and 2013, and at the very latest January 2014 when Plaintiff was convicted. Plaintiff did not, however, file his Complaint until December 2016. Because he filed his Complaint more than two-years from the date any alleged injury arose, Plaintiff's claims are barred by the statute of limitations.[1]

In fact, Plaintiff acknowledges in the second paragraph of his Complaint that his claims are untimely. (See Compl. at 2). He argues, however, that the limitations period should be equitably tolled. "Equitable tolling is an extraordinary remedy which should be extended only sparingly." Hedges v. United States, 404 F.3d 744, 751 (3d Cir. 2005)(citations omitted). There are three principal situations in which equitable tolling may be appropriate: "(1) where the defendant has actively misled the plaintiff respecting the plaintiff's cause of action; (2) where the plaintiff in some extraordinary way has been prevented from asserting his or her rights; or (3) where the plaintiff has timely asserted his or her rights mistakenly in the wrong forum." Oshiver, 38 F.3d at 1387. Moreover, "[t]o obtain the benefit of equitable tolling, a party also must show that 'she

---

[1] It would be difficult for Plaintiff to argue that he did not know of the alleged conspiracy in 2013 considering he filed a civil action in the United States District Court for the District of Kansas (No. 13-2361-JAR-JPO) naming Wattley and Kaitraxx, among other defendants, and complaining of largely the same conduct.

exercised due diligence in pursuing and preserving her claim.'" Omar v. Blackman, 590 Fed. Appx. 162, 166 (3d Cir. 2014) (quoting Santos ex rel Beato v. United States, 559 F.3d 189, 197 (3d Cir. 2009)).

Plaintiff has not made any of the above showings. He argues instead that he was barred from filing this suit, or any suit against these Defendants, by order of the District of Kansas. In the order on which Plaintiff relies, however, the court denied a request by the government to enjoin Plaintiff from filing further pleadings in federal court. See United States v. Camick, No. 13-10042-01-JTM, 2014 WL 644997, at *3 (D. Kan. Feb. 19, 2014); see also Camick v. Smith, No. CV 16-8844 (RBK/JS), 2017 WL 2779752, at *2 (D.N.J. June 26, 2017), aff'd, 698 F. App'x 41 (3d Cir. 2017). Accordingly, Plaintiff's action is barred by the statute of limitations, and the Court will dismiss it with prejudice.

**IV. Conclusion**

For the foregoing reasons, Plaintiffs application to proceed without prepayment of fees and costs is GRANTED, and Plaintiff's Complaint is DISMISSED with prejudice. An Order consistent with this Opinion shall issue on this date.

```
                              _s/_Renee Marie Bumb
                              RENÉE MARIE BUMB
                              United States District Judge
```

DATED: May 9, 2018